### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
### LEXINGTON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION NO. 5:22-cv-71-KKC** |
|     **Plaintiff,** | |
| **V.** | **OPINION AND ORDER** |
| **$21,495 in United States Currency** | |
|     **Defendant.** | |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on a motion (R. 6) by Justin Fant for an extension of time to file a verified claim.

The United States filed this action on March 21, 2022. In its complaint and accompanying affidavit, the government asserts that it seized the defendant currency from Fant during a traffic stop on Interstate 75 in Madison County, Kentucky. The government asserts that the money represents the proceeds from drug-related activities and is, therefore, subject to forfeiture under 21 U.S.C. § 881(a)(6).

The relevant procedural rules for this forfeiture action are set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). Pursuant to those rules, the government must publish notice of a forfeiture action such as this within a reasonable time after filing the complaint. Supplemental Rule G(4)(a). Rule G further provides that the government must send notice of the action and a copy of the complaint "to any person who reasonably appears to be a potential claimant on the facts known to the government . . . . " Supplemental Rule G(4)(b). The government has presented

evidence that it notified Fant's counsel, Teresa Cunningham, of the complaint by notice dated March 22, 2022. Pursuant to Supplemental Rule G(4)(b), the notice provided that Fant must file a verified claim within 35 days of the date of the notice, meaning the deadline for filing the verified claim was April 26, 2022. The notice further provided that Fant must file an answer or Rule 12 motion within 21 days of filing the claim.

Fant did not file a verified claim by April 26, 2022. Instead, on May 9, 2022, he filed a motion for additional time to file the claim. In the motion, Fant stated that his counsel "inadvertently marked her calendar as filing the Verified Claim within 21 days after April 22, 2022."

Under Sixth Circuit case law, claimants are held to "strict compliance" with the requirements of Supplemental Rule G. *United States v. Thirty-Five Firearms*, 123 F. App'x 204, 206 (6th Cir. 2005) (quoting *United States v. One Assortment of Eighty-Nine Firearms & Six Hundred & Thirty-Eight Rounds of Ammunition*, 846 F.2d 24, 26 (6th Cir. 1988)).

However, the Sixth Circuit has also held that "in civil forfeiture cases such as this one, where the question is whether to excuse a known claimant's failure to file a verified claim and answer in the allotted time, district courts should analyze the case using the generally applicable Federal Rules rather than under our requirement of 'strict compliance' with the forfeiture rules." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010). This is consistent with Supplemental Rule G(1), which states that, if Rule G does not address an issue, the Federal Rules of Civil Procedure apply.

Under Federal Rule of Civil Procedure 6(b)(1)(B), when an act must be done by a certain time, the Court may, "for good cause, extend the time. . .on motion made after the time has expired if the party failed to act because of excusable neglect." "That is, where, as here, a party

2

seeks to extend a deadline after it has already passed, Rule 6(b)(1)(B) requires a showing of both 'good cause' and 'excusable neglect' for failing to act before the deadline passed." *Venture Express, Inc. v. Vanguard Nat'l Trailer Corp.*, No. 3:19-CV-00657, 2022 WL 453534, at *6 (M.D. Tenn. Feb. 14, 2022).

The "primary measure" of good cause is the moving party's diligence in attempting to meet the required deadlines. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). Determining whether excusable neglect exists requires the Court to balance five factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

Here, there is good cause to grant the extension. Fant states his counsel discovered her calendar error on May 9, 2022. She was then diligent in attempting to file the verified claim. The same day that she discovered the calendaring error, counsel filed the motion for an extension of time to file the verified claim. She filed the verified claim on May 13, 2022, which she asserts was the same day she received a signed copy from Fant.

As to excusable neglect, the United States does not explain how it would be prejudiced by the late claim. Fant filed the claim a little more than two weeks after it was due. There is no sign that Fant or his counsel were acting in bad faith in failing to timely file the claim. These factors all weigh in favor of granting the continuance. As for the reason for the delay, Fant cites only his counsel's calendaring mistake. In other words, the delay was not caused by circumstances beyond Fant's control. These factors weight against granting the continuance. In a close case like this, the Court also considers its preference for deciding cases on their merits.

3

Balancing all of these factors, the Court hereby ORDERS as follows:

1) Fant's motion for extension of time (R. 6) is GRANTED; and

2) the Clerk of the Court SHALL FILE the tendered amended claim (docketed at R. 11-1) into the record as Fant's Verified Claim. The claim will be considered filed on the date that it is filed by the Clerk of the Court as the Verified Claim.

This 17th day of May, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY